# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JON K. TAKATA CORPORATION D/B/A RESTORATION MANAGEMENT COMPANY | ) ) ) CIVIL ACTION NO: _____ |
|       Plaintiff, | ) ) |
| v. | ) ) |
| KUSTOM US, INC. | ) ) |
|       Defendant. | ) ) |

### COMPLAINT (NON-JURY)

NOW COMES Plaintiff Jon K. Takata Corporation d/b/a Restoration Management Company, complaining of the Defendant Kustom US, Inc., alleges and shows unto this Honorable Court as follows:

### PARTIES AND JURISDICTION

1.    Plaintiff Jon K. Takata Corporation d/b/a Restoration Management Company ("Plaintiff") is a corporation duly organized and existing under the laws of the State of California and is authorized to conduct business in North Carolina.

2.    Upon information and belief, Defendant Kustom US, Inc. (hereinafter "Defendant") is a corporation organized and existing under the laws of the State of Ohio and is authorized to conduct business in North Carolina.

3.    The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter under 28 U.S.C. §1332(a)(1) and §1332(c).

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) as the events giving rise to the claims outlined occurred in this judicial district.

5.    All matters and allegations contained herein are within the subject matter and personal jurisdiction of this District Court and venue is proper in this District Court.

## STATEMENT OF THE FACTS

6.    Plaintiff is in the business of providing emergency remediation work to businesses throughout the United States impacted by emergencies, including water and flood damage.

7.    Defendant is in the business of serving as a general contractor.

8.    On or about October 8, 2024, Plaintiff and Defendant entered into a contract for Plaintiff to perform certain remediation work for Defendant at a project site upon which Defendant was working known as Givens Highland Farms in Buncombe County, North Carolina. A copy of the job-specific contract is attached as "Exhibit A" and a copy of Kustom's "General Subcontractor Agreement" signed by Plaintiff is attached as "Exhibit B".

9.    Pursuant to the terms of the contract, Plaintiff was to be paid on a "time and materials" basis for the work it performed for Defendant. Payment was to be made by Defendant on a Net 30 basis, with check runs on the 10th and 25th of each month. In addition, invoices were considered by Defendant to be past due if unpaid more than 45 days after submission. Defendant's contract states that Defendant "strives to pay all Subcontractors in a timely manner."

10.    The remediation work that was the subject of the Contract was a result of severe damage to the Givens Highland Farms from Hurricane Helene and generally consisted of removal of water-damaged material, cleaning and drying services, and other mitigation work at the Real Property, as well as packing out damaged contents to storage containers.

11. Plaintiff fully performed the contracted work on the Real Property and completed that work on or about November 14, 2024. On November 19, 2024, the owner of the property confirmed that "all services provided by RMC have been completed to our satisfaction."

12. Starting on November 22, 2024, and then continuing, Plaintiff sent invoices to Defendant, with the cumulative amount invoiced totaling $2,599,101.

13. Subsequently, and upon information and belief, Defendant submitted payment requests to owner using Plaintiff's original invoice. Thereafter, Plaintiff revised its invoice to reflect rates approved by a reviewing insurance entity. The revised invoice total, submitted on April 30, 2025, was $2,364,251.

14. As of the date of this complaint, Defendant has not made any payment for any amount invoiced by Plaintiff.

15. Upon information and belief, Defendant has been paid in full by the property owner for the amounts invoiced by Plaintiff.

16. Plaintiff has repeatedly requested and ultimately demanded that Defendant pay its invoices. Defendant has refused to make payment.

17. Even after auditing Plaintiff's invoices, Defendant has never questioned or challenged the validity or accuracy of the amounts invoiced by Plaintiff, other than conversations that led to Defendant reducing its rates from its normal standard rates to the insurance rates.

18. Defendant claims that Plaintiff owes it a "referral" fee and that until there is an agreement on the referral fee amount it will not make any payment to Plaintiff and will continue to withhold 100% of the amount owed to Plaintiff despite the fact that under no circumstances would a referral fee ever be 100% of the amount owed to Plaintiff.

19. Plaintiff never agreed, in writing or verbally, to a referral fee for this project.

20.     Upon information and belief, Defendant has submitted invoices to the property owner, and been paid by the property owner, for the work invoiced by Plaintiff and has also invoiced and been paid by owner for certain percentages above Plaintiff's invoices as profit and overhead or similar such markups in an amount totaling at least 20% above the amounts invoiced by Plaintiff to Defendant.

21.     As a result of Defendant's failure to pay Plaintiff the amounts due and owing, Plaintiff has been forced to employ legal counsel to pursue collection from Defendant, thus incurring additional expenses and court costs.

**FIRST CLAIM FOR RELIEF**
(Breach of Prompt Pay Act Requirements)

22.     Plaintiff re-alleges and incorporates by reference the facts contained in paragraphs 1 through 21 above as though fully set forth herein.

23.     On or about October 8, 2024, Plaintiff and Defendant entered into a contract for Plaintiff to perform certain remediation work for Defendant at a project site upon which Defendant was working known as Givens Highland Farms in Buncombe County, North Carolina.

24.     Plaintiff fully performed the contracted work on or about November 14, 2024.

25.     Plaintiff has timely and fully submitted invoices for the entirety of Plaintiff's work on the project.

26.     More than eight months after Plaintiff completed its work on the Project and submitted its invoice, Defendant has failed to pay Plaintiff for any of the work Plaintiff performed.

27.     Pursuant to N.C. Gen. Stat. § 22C-3, "[w]hen a contractor has performed in accordance with the provisions of his contract, the contractor shall pay to his subcontractor…within seven days of receipt by the contractor…of each periodic or final payment, the full amount received

for such subcontractor's work and materials based on work completed or service provided un the subcontract."

28.     Upon information and belief, Defendant has submitted invoices to owner, and been paid in full by owner, for the work invoiced by Plaintiff to Defendant.

29.     Despite Defendant being paid by the owner for Plaintiff's work, Defendant has failed to make periodic or final payments to Plaintiff for the portion of Plaintiff's work covered by the payment from owner to Defendant.

30.     Defendant's failure to make payment is a violation of North Carolina's Prompt Payment Act, N.C. Gen. Stat. § 22C-1 to § 22C-6.

31.     Pursuant to N.C. Gen. Stat. § 22C-5, failure by a contractor to make timely payment results in interest accruing on the unpaid amounts starting on the 8th day after the contractor receives payment from owner.

32.     As a result of Defendant's breach of the Prompt Payment Act, Plaintiff has suffered damages of at least $2,364,251.00, plus reasonable attorney's fees, interest at the rate of 1% per month, and court costs.

### SECOND CLAIM FOR RELIEF
(Breach of Contract)

33.     Plaintiff re-alleges and incorporates by reference the facts contained in paragraphs 1 through 32 above as though fully set forth herein.

34.     On or about October 8, 2024, Plaintiff and Defendant entered into a contract for Plaintiff to perform certain remediation work for Defendant at a project site upon which Defendant was working known as Givens Highland Farms in Buncombe County, North Carolina.

35.     Plaintiff fully performed the contracted work on or about November 14, 2024.

36.     Plaintiff fully and completely performed its obligations on the Project.

37.     Plaintiff has timely and fully submitted invoices for the entirety of Plaintiff's work on the project.

38.     Pursuant to the terms of the contract, Plaintiff was to be paid on a "time and materials" basis for the work it performed for Defendant. Payment was to be made by Defendant on a Net 30 basis, with check runs on the 10th and 25th of each month. In addition, invoices were considered by Defendant to be past due if unpaid more than 45 days after submission. Defendant's contract states that Defendant "strives to pay all Subcontractors in a timely manner."

39.     Despite Plaintiff fully and completely performing its obligations on the Project, Defendant has failed to pay Plaintiff for the work Plaintiff performed, thereby breaching its contract with Plaintiff.

40.     As a result of Defendant's breach of contract Plaintiff has suffered damages of at least $2,364,251.00, plus reasonable attorney's fees, interest, and court costs.

## **THIRD CLAIM FOR RELIEF**
### (Quantum Meruit)

41.     Plaintiff re-alleges and incorporates by reference the facts contained in paragraphs 1 through 40 above as though fully set forth herein.

42.     On or after October 8, 2024, Plaintiff, at the request of Defendant, performed remediation work to address severe damage to Givens Highland Farms from Hurricane Helene, including but not limited to removal of water-damaged material, cleaning and drying services, packing out damaged contents, and other mitigation work at Givens Highland Farms for Defendant.

43.     Defendant voluntarily and knowingly accepted the benefit of Plaintiff's work and did so with the knowledge and reason to know that Plaintiff expected to be paid for said work.

44.     Defendant has enjoyed and continues to enjoy the benefits of Plaintiff's remediation work, but Defendant has not paid Plaintiff for the full value of that work.

45. Plaintiff believes that it would be inequitable for Defendant to accept, use, and enjoy the benefits of Plaintiff's remediation work, without paying the reasonable value thereof.

46. The reasonable value of the remediation services, labor, and materials for which Plaintiff has not been paid is at least $2,364,251.00 and may be higher.

47. Plaintiff has requested payment for its remediation services, labor, and materials, but Defendant has failed and refused to pay Plaintiff.

48. Plaintiff is entitled to a judgment against Defendant in the amount of at least $2,364,251.00, plus reasonable attorney's fees, interest and court costs.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

1. Determine that Plaintiff have judgment against Defendants in an amount totaling at least $$2,364,251.00, plus pre-judgment interest as applicable, court costs, and its reasonable attorney fees;

2. Provide that Defendant be taxed with Plaintiff's attorneys' fees;

3. Provide that Defendant be taxed with the costs of this action;

4. Provide that interest accrues on the judgment at the rate of 1% per month pursuant to the Prompt Pay Act, or alternatively at any other legally applicable rate; and

5. Allow for such further relief as the Court may deem appropriate.

Respectfully submitted, this the ___29___ day of July, 2025.

James R. Martin
N.C. State Bar No.: 24396
MULLEN HOLLAND & COOPER, P.A.
Attorneys for Plaintiff
301 S. York Street
P.O. Box 488
Gastonia, NC 28053-0488
Telephone: (704) 864-6751
Email: jmartin@mhc-law.com

STATE OF ___California___

COUNTY OF __Alameda___

VERIFICATION

    __David Glover__ , being duly sworn, deposes and says:  that he is the __Executive VP, Chief Risk Officer__ (position) of Jon K. Takata Corporation d/b/a Restoration Management Company, Plaintiff herein; that he has read the foregoing Complaint and knows the content thereof, and that the statements therein contained are true of his own personal knowledge except as to those matters therein stated upon information and belief, and as to those matters, he believes them to be true.

Jon K. Takata Corporation d/b/a Restoration Management Company

By: _____

Its: __Executive VP, Chief Risk Officer___

Sworn to and subscribed before me,

this the __28th__ day of __July____, 2025.

___Melani Johnson_____
Notary Public

My Commission Expires: ___10/11/2026_____.

MELANI JOHNSON
Notary Public - California
Alameda County
Commission # 2420605
My Comm. Expires Oct 11, 2026